# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY – (Covington)

| | | |
|---|---|---|
| **JOSEPH FISCHER, et. al.** | : | Case No.: 2:22-cv-121-WOB |
| Plaintiffs | : | |
| v. | : | |
| **HON. KAREN THOMAS**, et. al. | : | |
| Defendants | : | |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

Upon the Motion of the Plaintiffs, and based on the factual allegations in Plaintiffs' Verified Complaint and the law cited in Plaintiffs' Motion for Temporary Restraining Order, Defendants, Hon. Karen Thomas, Hon. R. Michael Sulliver, Hon. Eddy Coleman, Hon. Jeff S. Taylor, Hon. Joe Ellis, Hon. Janet Lively McCauley, and Hon. Jimmy Shaffer, along with their officers, agents, servants, employees, and attorneys, as well as persons acting in active concert with them pursuant to FRCP 65(d)(2)(c) (collectively "Defendants"), are each, pursuant to FRCP 65 hereby ENJOINED from taking any enforcement action against Plaintiffs, as follows:

1. Defendants shall not prevent Plaintiffs, or take any action against them during the pendency of the current 2022 general election, or take any action against Plaintiffs following that election, on the basis of: (i) Plaintiffs' truthful statements that Mr. Fischer is "the conservative Republican;" (ii) the utilization of the Republican party's elephant symbol or other elephant symbols, to denote Mr. Fischer's affiliation with that party, JE 130 notwithstanding; (iii) using and advertising Mr. Fischer's endorsements from Kentucky Right to Life and Northern Kentucky Right to Life (including "Choose Life" signs by third parties); (iv) general references to Mr. Fischer having served two decades in the Kentucky House of Representatives; (v) continuing to indicate that Mr. Fischer is committed to defending the rule of law and ensuring Kentucky's judicial system effectively serves all citizens of the Commonwealth, that he will not engage in judicial activism, and to continue to underscore his understanding of the importance of the separation of powers in that it is the duty and responsibility of the legislature to make the laws, the executive to enforce the laws, and the judiciary to interpret the laws; and (vi) Defendants shall not require Mr. Fischer or his campaign to disavow endorsements he or his campaign has received from (but did not solicit or use) Republican Party executive committees.

2. Defendants are also restrained from instituting formal proceedings against Mr. Fishcer under the Kentucky Code of Judicial Conduct for any campaign related speech related to the foregoing or the allegations in the Verified Complaint.

3. No bond is required under FRCP 65(c).

4. The Court finds that Plaintiffs have established a likelihood of success on the merits, irreparable harm from the loss of Plaintiff's First Amendment rights, that the equities weigh in his favor, and that the public interest is served from the entry of this Temporary Restraining Order.

5. The Court finds that Plaintiffs have provided notice of their Motion for a Temporary Restraining Order by providing same to Counsel for Defendants, and thus this is not a no-notice order.

IT IS SO ORDERED:

_____