# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY – (Covington)

| | | |
|---|---|---|
| **JOSEPH FISCHER, et. al.** | : | Case No.: 2:22-cv-121-WOB |
| Plaintiffs | : | |
| v. | : | |
| **HON. KAREN THOMAS**, et. al. | : | |
| Defendants | : | |

### ORDER GRANTING PRELIMINARY INJUNCTION AND DECLARATORY RELIEF

Upon the Motion of the Plaintiffs, and based on the factual allegations in Plaintiffs' Verified Complaint and the law cited in Plaintiffs' Motion for Preliminary Injunction, Defendants, Hon. Karen Thomas, Hon. R. Michael Sulliver, Hon. Eddy Coleman, Hon. Jeff S. Taylor, Hon. Joe Ellis, Hon. Janet Lively McCauley, and Hon. Jimmy Shaffer, along with their officers, agents, servants, employees, and attorneys, as well as persons acting in active concert with them pursuant to FRCP 65(d)(2)(c) (collectively "Defendants"), are each, pursuant to FRCP 65 hereby ENJOINED from taking any enforcement action against Plaintiffs, as follows:

1. Rules 4.1(A)(6), Rule 4.1(A)(7), and Rule 4.1(A)(13) of the Kentucky Code of Judicial Conduct are hereby DECLARED unconstitutional (as applied to (i) statements that a candidate is "the conservative Republican;" (ii) utilizing the Republican party's elephant symbol or other elephant symbols, to denote party affiliation, JE 130 notwithstanding; (iii) using and advertising his endorsements from Kentucky Right to Life and Northern Kentucky Right to Life; (iv) general references to having served two decades in the Kentucky House of Representatives; (v) a candidate continuing to indicate that he is committed to defending the rule of law and ensuring Kentucky's judicial system effectively serves all citizens of the Commonwealth, that he will not engage in judicial activism, and to continue to underscore his understanding of the importance of the separation of powers in that it is the duty and responsibility of the legislature to make the laws, the executive to enforce the laws, and the judiciary to interpret the laws; and (vi) any requirement to disavow endorsements he or his campaign has received, but did not solicit or use, from Republican Party executive committees).

2. Defendants are ENJOINED from enforcing the foregoing against the Plaintiffs, to include instituting formal proceedings against Mr. Fischer under the Kentucky Code of Judicial Conduct for any campaign related speech related to the foregoing.

3. No bond is required under FRCP 65(c).

4. The Court finds that Plaintiffs have established a likelihood of success on the merits, irreparable harm from the loss of Plaintiff's First Amendment rights, that the equities weigh in his favor, and that the public interest is served from the entry of this Preliminary Injunction.

IT IS SO ORDERED:

_____