UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:22-CV-00121-KCC-EBA

**JOSEPH FISCHER,** *et al.*                                                                                   **PLAINTIFFS**

**v.**

**HON. KAREN THOMAS,** *et al.*                                                                          **DEFENDANTS**

---

**AFFIDAVIT OF JIMMY SHAFFER**

---

Having first been duly cautioned and sworn, the Affiant, Jimmy Shaffer, states for her Affidavit as follows:

1. I, Jimmy Shaffer, am the duly appointed Executive Secretary for the Kentucky Judicial Conduct Commission ("JCC").

2. As part of my duties I am the official custodian of JCC records.

3. I am also an attorney licensed to practice law in the Commonwealth of Kentucky.

4. The JCC receives hundreds of complaints each year—during the 2020-21 Fiscal Year, the JCC received 245 complaints.

5. When the JCC receives a complaint, I first review to ensure that the complaint concerns a matter within the JCC's jurisdiction as set out in SCR 4.020. Matters *within* the JCC's jurisdiction are all those 1) made against an individual subject to the JCC's authority, and 2) alleging misconduct as described in SCR 4.020(1)(b). Examples of matters *outside* of the JCC's jurisdiction are complaints against federal judges or county judge executives.

**EXHIBIT 1**

6. A copy of the JCC's Complaint Process FAQ, which can be found on the JCC's webpage at: https://kycourts.gov/Courts/JCC%20Documents/JCCFlyer.pdf, is attached as Exhibit A.

7. Once determined that the complaint falls within the JCC's jurisdiction, the complaint is presented to the JCC at its next meeting. At that time, the JCC decides to either 1) take no action, or 2) conduct further inquiry.

8. Most complaints are easily investigated simply by accessing and reviewing AOC records. For example, complaints in which a litigant or attorney alleges mistreatment by a judge can be easily investigated by obtaining courtroom videos of the interactions. Other complaints do not merit further investigation because they essentially seek appellate review of a judicial order. A small portion of complaints, however, require additional context and information.

9. When a complaint makes allegations which are not easily reviewed and the JCC feels it would benefit from additional information, I provide notice of the preliminary investigation to the judge or candidate as required by SCR 4.170(2).

10. In such circumstances where the JCC would like additional input or context about the allegations from the judge, I send a letter inviting the judge to submit a written response and, if the JCC feels it would be helpful to understand the context of the allegations, to participate in an informal conference. Nothing in the letter nor the Supreme Court Rules suggests that a response is required or expected.

11. During the 2020-21 Fiscal Year, I sent 19 letters to judges and candidates notifying them that complaints had been filed against them and providing the opportunity to

submit additional information as a part of the preliminary investigation process. Out of those 19 investigations, only four (4) ultimately resulted in action by the JCC.

12. During the preliminary investigation phase, the JCC does not make findings about the truth of facts asserted in the complaint, nor does the JCC decide whether a violation of the Code of Judicial Conduct has occurred.

13. It is not until the conclusion of the preliminary investigation that the JCC must determine whether formal proceedings should be initiated.

14. However, before formal proceedings are initiated, the JCC shall afford the judge or candidate under investigation an opportunity to examine all factual information, including the name of the complainant if relevant, and shall afford the judge an opportunity to furnish to the Commission any information the judge may desire bearing on the investigation. This opportunity for inspection and response by the judge or candidate is *separate* from the opportunity to provide additional information as requested during the preliminary investigation by SCR 4.170(2).

15. Because the preliminary investigation process is entirely confidential pursuant to SCR 4.130, I am not at liberty to disclose any specifics with respect to the complaints or preliminary investigations which may be the subject of *Fischer, et al. v. Judge Thomas, et al.*, EDKY 2:22-CV-00121.

16. However, I can confirm that the JCC has *not* voted to initiate formal proceedings against either Joseph Fischer or Robert Winter as of the date of this affidavit, nor has the JCC made any threats to do so.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JIMMY SHAFFER

COMMONWEALTH OF KENTUCKY  )
                          ) :SS
COUNTY OF FRANKLIN        )

Sworn to before me, and subscribed in my presence by JIMMY SHAFFER on this the 10th day of October, 2022.

_____
NOTARY PUBLIC

My commission expires: 6-30-2026

Notary ID: KYNP53028

**SERENA EADES KAIN**
NOTARY PUBLIC
STATE AT LARGE KENTUCKY
COMM. # KYNP53028
MY COMMISSION EXPIRES JUNE 30, 2026

4