**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF KENTUCKY – (Covington)**

JOSEPH FISCHER, et. al.                :        Case No.: 2:22-cv-121-KKC

      Plaintiffs                         :

v.                                              :

HON. KAREN THOMAS, et. al.            :

      Defendants                        :

<u>**DECLARATION OF ROBERT A. WINTER, JR.**</u>

Pursuant to 28 U.S.C. §1746, the undersigned Robert A. Winter, Jr., makes the following

declaration, under penalty of perjury under the laws of the United States of America, that the

facts contained herein are true and correct to the best of my knowledge and belief and that such

facts are made based on my personal knowledge:

1.   My name is Robert A. Winter, Jr., and I am one of the Plaintiffs in the above

captioned matter.  I am a candidate for the Kentucky Court of Appeals, Second

Division, in the 2022 election.  I was also a Plaintiff in the *Winter v. Wolnitzek*,

matter, following my candidacy for Kenton Circuit Judge in 2014.

2.   In that 2014 campaign, I utilized truthful statements about being a Republican and my

opponents being Democrats in my literature.  A true and accurate copy of the letter I

received from the Judicial Conduct Commission ("JCC") is attached as **Exhibit 1** to

this Declaration.  In that 2014 letter, the JCC indicated that it had received complaints

from the public about my sending out truthful mailers about me being a registered

Republican and my opponents being registered Democrats, that the JCC met and

discussed the complaint, and "requested" that I submit a written response to the

complaints.  The JCC did not, however, ask me to appear at a meeting of the JCC,

1

and did not indicate that I had the "option" to appear with Counsel who should file an entry of appearance. It appeared to me then that I needed to obtain counsel – I viewed that threat of enforcement as credible. I also note that, from my perspective, the 2014 letter from the JCC occurred ***after*** the campaign, so at least I did not perceive the 2014 letter to be an attempt to alter in-progress campaign activities.

3. I am aware that the JCC views prompt discontinuation of activities they deem to be violations of the Rules of Judicial Conduct to warrant lesser sanctions.[1]

4. I am also aware that contact with partisan elected officials has drawn enforcement action from the JCC over Rule 4.1(A)(7).[2]

5. A true and accurate copy of the letter I received from the Judicial Conduct Commission ("JCC") earlier this week dated September 27, 2022 (though I received it on October 5), is attached as **Exhibit 2** to this Declaration. That letter is different, and not in a materially beneficial way from my perspective, to the letter I received from the JCC in 2014.

6. Like the 2014 letter, the September 27, 2022 letter indicated that complaints had been filed against me. It first indicated that the complaint alleged that I was "seeking, accepting, and using endorsements from the Republican Party," which tracks the language of Kentucky Judicial Conduct Rule 4.1(A)(7). It then indicated that I was accused of "making pledges, promises or commitments in connection with cases,

---

[1] *See* 2021 JCC Action:
https://kycourts.gov/Courts/JCC%20Actions%20Documents/privatereprimand06142021.pdf (last accessed 10/8/2022).
[2] https://kycourts.gov/Courts/JCC%20Actions%20Documents/2020privatereprimand05262020.pdf (last accessed 10/8/2022).

controversies, or issues likely to come before the Court - specifically the issue of abortion."

7. As the Verified Amended Complaint indicated, I have used the term "conservative" to describe me in campaign literature and signage, and have indicated that I am "a Republican" in campaign speeches.  I have touted my endorsements from Kentucky Right to Life and Northern Kentucky Right to Life in my campaign literature and on the campaign trail and have indicated that I am "Pro Life."

8. People associated with Kentucky Right to Life and Northern Kentucky Right to Life have been erecting my signs, with a "Choose Life" sign next to it.

9. I have received the endorsement of various Republican elected officials and executive committees, but have not sought them, nor have I used them in my campaign. However, I decline to disavow them, because I am affiliated with the Republican Party, and I can think of no effective way to do so in a manner that would not undermine my truthful statement that I am a registered Republican and have been for some time.

10. Like the 2014 correspondence that prompted *Winter v. Wolntizek*, the September 27, 2022 JCC letter, at **Exhibit 2**, also indicated that the JCC had considered and discussed the complaint lodged against me, and it "request[ed]" that I submit a response.  But the September 27, 2022 JCC letter, at **Exhibit 2**, went further than the 2014 correspondence, in that it "invited" me to "to participate in an informal conference during which the Commission would like to discuss the allegations in greater detail."  That correspondence likewise indicated that "[i]f you plan to attend

and have counsel represent you, please have counsel file a written entry of appearance."

11. I do not view it as an option but instead a mandatory requirement to submit a written response.  I view the statement about the appearance of counsel, and the need of any such attorney to enter a formal "entry of appearance" to denote something more than an informal "chat," but instead the predicate to the institution of formal charges.

12. I find significant that this correspondence came in the 30 days prior to the 2022 General Election.  The JCC could have held the complaints and its correspondence directed to me, until after the election, rather than to inject itself into an impending election process.  I think it was and is designed to put me into a Hobson's choice: discontinue protected speech, or lose the benefit of immediately ceasing activities for a reduced penalty later.  In light of this correspondence, I am considering whether it is appropriate to pull my signage, which denotes that I am "conservative," all over the 6th Supreme Court District, which I suspect was the desired result.

13. I subjectively (and I would say objectively) view the September 27, 2022 letter in question as a credible threat of impending enforcement.

Pursuant to 28 U.S.C. §1746, I declare under penalties of perjury under the laws of the United States of America that the foregoing Declaration is true and correct to the best of my knowledge and belief and that such facts are made based on my personal knowledge.

Executed on October 8, 2022

Robert A. Winter, Jr.

4

**MEMBERS:**

STEPHEN D. WOLNITZEK, CHAIR
COVINGTON

COURT OF APPEALS JUDGE
JANET L. STUMBO
PRESTONSBURG

CIRCUIT JUDGE EDDY COLEMAN
PIKEVILLE

DISTRICT JUDGE DAVID P. BOWLES
LOUISVILLE

DIANE E. LOGSDON
ELIZABETHTOWN

JOYCE KING JENNINGS
LOUISVILLE

**ALTERNATES:**

J. DAVID BOSWELL
PADUCAH

COURT OF APPEALS JUDGE
LAURANCE B. VANMETER
LEXINGTON

CIRCUIT JUDGE JEFFREY M. WALSON
WINCHESTER

DISTRICT JUDGE SUSAN M. JOHNSON
PAINTSVILLE

**EXECUTIVE SECRETARY**
MS. JIMMY SHAFFER

COMMONWEALTH OF KENTUCKY
**JUDICIAL CONDUCT COMMISSION**
P.O. Box 4266
FRANKFORT, KENTUCKY 40604-4266
PHONE 502-564-1231   FAX 502-564-1233

## PERSONAL AND CONFIDENTIAL

June 2, 2014

Mr. Robert Winter
419 Larkspur Court
Edgewood, KY  41017

RE:  JCC Case Numbers 2014-069, 2014-074 and 2014-075

Dear Mr. Winter:

This is to advise that three complaints have been filed against you with the Judicial Conduct Commission relative to your campaign for Circuit Court Judge in Kenton County.  The complaints allege that you were campaigning as a member of a political organization in violation of Canon 5(A)(1)(a) by not only identifying yourself as a Republican but also by identifying your opponents as Democrats.  The complaints also allege that your campaign materials gave the false impression that the election was a partisan one in violation of Canon 5B(1)(c).

Following consideration and discussion of the complaint, the Commission has requested that you file a written response to the allegations.  Please submit your response on or before June 23, 2014, by filing same at the address listed above. You may contact me if you have any questions concerning this request. Thank you.

Please note that Mr. Wolnitzek recused from any consideration of this matter.

Sincerely,

Ms. Jimmy Shaffer
Executive Secretary

**MEMBERS:**

R. MICHAEL SULLIVAN, CHAIR
OWENSBORO

JUDGE JEFF S. TAYLOR
OWENSBORO

JUDGE EDDY COLEMAN
PIKEVILLE

JUDGE KAREN THOMAS
COVINGTON

DR. JOE E. ELLIS
BENTON

JANET LIVELY MCCAULEY
LOUISVILLE

**ALTERNATES:**

CARROLL M. "TRIP" REDFORD, III
LEXINGTON

JUDGE GLENN E. ACREE
LEXINGTON

JUDGE MITCH PERRY
LOUISVILLE

JUDGE ELIZABETH A. CHANDLER
CARROLLTON

**EXECUTIVE SECRETARY**
MS. JIMMY SHAFFER

COMMONWEALTH OF KENTUCKY
**JUDICIAL CONDUCT COMMISSION**
P.O. BOX 4266
FRANKFORT, KENTUCKY 40604-4266
PHONE 502-564-1231  FAX 502-564-1233

September 27, 2022

**PERSONAL AND CONFIDENTIAL**

Robert Winter, Jr.
P.O. Box 175883
Fort Mitchell, KY  41017-5883

RE:  JCC Case Number 2022-249

Dear Mr. Winter

This is to advise that a complaint has been filed against you with the Judicial Conduct Commission relative to your campaign for judge of the Kentucky Court of Appeals.

The complaint alleges you have engaged in political or campaign activity inconsistent with the independence, integrity, or impartiality of the judiciary, including seeking, accepting, and using endorsements from the Republican Party and by making pledges, promises or commitments in connection with cases, controversies, or issues likely to come before the Court – specifically the issue of abortion.

Following consideration and discussion of the complaint, the Commission requests that you file a written response to the allegations.  Please submit your response on or before October 24, 2022, by mailing it to the address on this letter.

The Commission has further directed me to invite you to participate in an informal conference during which the Commission would like to discuss the allegations in greater detail.  The Commission's meeting is scheduled for October 28, 2022, at 4:00 p.m., EST, in the Keeneland conference room at the Embassy Suites Hotel in Lexington, Kentucky. The hotel is located on Newtown Pike immediately off U.S. I-75/I-64, exit 115.  The Keeneland room can be accessed from both the front door of the hotel and the door on the left of the building.  If you enter the building from the left side door, the Keeneland room will be to your right before you reach the main desk to the hotel. If you accept this invitation, please arrive on time so the conference may begin at its scheduled time. Please wait outside the room where the Chairperson will greet you prior to the start of the conference.

The Commission will have reviewed your response prior to the conference, but will typically, ask an attendee to begin with any additional information they would like to add to their response. The remainder of the time is reserved for discussion between the attendee and the Commission members.

Please advise whether you accept this invitation and plan to attend this conference. If you plan to attend and have counsel represent you, please have counsel file a written entry of appearance prior to the conference.

Please contact my office if you have any questions concerning this matter.

Sincerely,

Ms. Jimmy Shaffer
Executive Secretary